| UNITED STATES BANKRUPTCY COURT |
| --- |
| District of New Jersey |

Albert Russo
Cn 4853
Trenton, NJ  08650
(609) 587-6888
Standing Chapter 13 Trustee

**Order Filed on August 1, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Harmesh Verma

Debtor(s)

Case No.: 19-15880 / MBK

Hearing Date:  07/24/2019

Judge: Michael B. Kaplan

Chapter: 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: August 1, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 03/22/2019, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 36 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$400.00 PAID TO DATE

$269.00 for 32 months beginning 08/01/2019

**ORDERED** that the case is confirmed to pay 100% dividend to general unsecured creditors.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that the debtor(s) must obtain a loan modification by November 30, 2019 or as extended by Loss Mitigation Order.

- Creditor US Bank, National Association c/o Rushmore Loan Management Services, PACER claim #3-1, will be paid outside of the Chapter 13 Plan.

**ORDERED** that the claim of Wells Fargo Bank NA c/o Select Portfolio Servicing, court claim #1-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that the claim of Structured Asset Mortgage Investments c/o Specialized Loan Servicing, court claim #4-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 19-15880-MBK
Harmesh Verma                                                           Chapter 13
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3           User: admin              Page 1 of 1              Date Rcvd: Aug 01, 2019
                               Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 03, 2019.
db             +Harmesh Verma,   23 Middlebrook Drive,   Asbury Park, NJ 07712-3421

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 03, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 1, 2019 at the address(es) listed below:
              Albert    Russo    docs@russotrustee.com
              Aleisha Candace Jennings    on behalf of Creditor    NATIONSTAR MORTGAGE LLC ajennings@rasflaw.com
              Denise E. Carlon    on behalf of Creditor    Structured Asset Mortgage Investments II Inc., Bear
               Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2004-10, U.S. Bank National
               Association, as Trustee dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Douglas J. McDonough    on behalf of Creditor    Towd Point Mortgage Trust 2017-4, U.S. Bank
               National Association, as Indenture Trustee DMcDonough@flwlaw.com
              Douglas J. McDonough    on behalf of Creditor    Wells Fargo Bank, National Association, as Trustee
               for Structured Asset Mortgage Investments II Inc., GreenPoint Mortgage Funding Trust 2005-AR5,
               Mortgage Pass-Through Certificates, Series 2005-AR5 DMcDonough@flwlaw.com
              Emmanuel J. Argentieri    on behalf of Creditor    US Bank NA, not in its individual capacity but
               solely as trustee for the Roosevelt Mortgage Acquisition Company Trust, Series 2016-CTT
               bk@rgalegal.com
              James J. Cerbone    on behalf of Debtor Harmesh  Verma cerbonelawfirm@aol.com,
               cerbonejr83307@notify.bestcase.com
              Kevin Gordon McDonald    on behalf of Creditor    Structured Asset Mortgage Investments II Inc.,
               Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2004-10, U.S. Bank National
               Association, as Trustee kmcdonald@kmllawgroup.com,    bkgroup@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                               TOTAL: 9